CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 25 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JIMMIE L. REAVES,<br>    Plaintiff, | Civil Action No. 7:06CV00637 |
| v. | MEMORANDUM OPINION |
| CONTRACTING ENTERPRISES, INC.,<br>and APPALACHIAN POWER<br>COMPANY,<br>    Defendants. | By: Hon. James C. Turk<br>Senior United States District Judge |

    Plaintiff, Jimmie L. Reaves ("Reaves"), proceeding *pro se,* filed a complaint against Contracting Enterprises, Inc. ("CEI") and Appalachian Power Company ("Appalachian") (collectively "defendants") alleging various injuries during his employment with CEI and seeking monetary damages, which the court construes as a tort claim. Reaves applied for and was granted permission to proceed *in forma pauperis* on October 24, 2006. The defendants responded to the complaint by filing a motion to dismiss. The court notified Reaves of defendants' motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and warned Reaves that judgment might be granted for the defendants if he did not respond to the motion by filing affidavits or other documents contradicting their evidence or otherwise explaining his claims. Reaves responded in opposition to the motion to dismiss on December 13, 2006. Oral arguments have been heard and the matter is now ripe for the court's consideration. For the following reasons, the defendants' motion to dismiss will be granted.

I.

    Reaves contends in his complaint that he was employed with CEI for over five (5) years

1

beginning in March of 2001. At some point CEI contracted with Appalachian to complete an environmental clean-up project. During this time period, Reaves alleges several "reckless acts" on the part of the defendants that created an unsafe work environment and "put his life [in] danger." (Pl. Compl.1) Specifically, Reaves alleges exposure to raw sewage and dangerous chemicals. He claims that this unhealthy work environment resulted in mental and physical injuries such as suicidal thoughts, nightmares, nosebleeds, and rashes. Reaves claims $200,000 in damages on his civil cover sheet and $400,000 in damages in his complaint.

The defendants move to dismiss Reaves' complaint for lack of subject matter jurisdiction, under Fed. R. Civ. P. 12(b)(6). They claim that there is not complete diversity of citizenship between all plaintiffs and defendants as required by 28 U.S.C. § 1332 and that the exclusive jurisdiction lies with the Virginia Workers' Compensation Commission. The defendants also move to dismiss Reaves' complaint for failure to state claim upon which relief can be granted, under Fed. R. Civ. P. 12(b)(6). They claim that there is no viable theory on which Reaves could pursue a tort claim against the defendants because the Virginia Workers' Compensation Act is the exclusive remedy for any injuries arising out of and in the course of employment with CEI or Appalachian.

## II.

It is the opinion of the court that Reaves is barred from bringing suit due to lack of diversity between the parties as required by 28 U.S.C. § 1332. As the party seeking to invoke this court's subject matter jurisdiction, the plaintiff has the burden of proving that complete diversity of citizenship exists between the parties. See Roche v. Lincoln Property Co. 373 F.3d 610, 616 (4th Cir. 2004) (citing Mas v. Perry, 489 F.2d 1396 (5th Cir. 1974); Janzen v. Goos,

2

302 F.2d 421 (8th Cir. 1962)). Diversity jurisdiction must exist at the time an action is filed. Smith v. Sperling, 354 U.S. 91, 93 n. 1, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957). If this burden is not met, the federal court must dismiss the action. Kenrose Mfg. Co. v. Fred Whitaker Co., 512 F.2d 890 (4th Cir. 1972); see also Fed. R. Civ. P. 12(h)(3).

The relevant portions of 28 U.S.C. § 1332(a) state that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. According to 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. For an individual, state citizenship, or domicile, is determined by residence and an intent to remain at the time the suit was filed. Webb v. Nolan, 484 F.2d 1049, 1050 (4th Cir.1973).

Reaves' complaint designates his residence as 809 Hunt Avenue, Apt. 1, Roanoke, VA 24012. There is no indication that Reaves does not intend to remain in the Commonwealth of Virginia. Therefore, Reaves is considered to be a citizen of the Commonwealth of Virginia for the purpose of determining diversity. The defendants' motion to dismiss indicates that CEI is a corporation organized and existing under the laws of the Commonwealth of Virginia and that its principal place of business is located in Roanoke, VA. Appalachian is a Virginia public service corporation, also organized and existing under the laws of the Commonwealth of Virginia, and its principal place of business is located in Columbus, OH. Therefore, both defendants are considered to be citizens of the Commonwealth of Virginia for the purpose of determining diversity. Accordingly, because the plaintiff and all defendants are citizens of the same state, there is no diversity jurisdiction under 28 U.S.C. § 1332(a), and the court lacks subject matter

3

jurisdiction over the claims set forth in Reaves' complaint.

Regardless, even if jurisdiction was proper, the complaint must also be dismissed under Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. If Reaves has a valid tort claim, his remedy lies exclusively with the Virginia Workers' Compensation Act, Va. Code Ann. § 65.2 (2002). At the times relevant to Reaves' complaint, he was an employee, as defined by Va. Code Ann. § 65.2-101, engaged in activity that was in the usual course of the trade, business, occupation or profession of his employer, CEI. During this time, CEI was performing services in the usual course of its trade or business as a subcontractor for Appalachian. Accordingly, Reaves was also an employee of Appalachian. See Smith v. Weber, 3 Va. App. 379, 350 S.E.2d 213 (1986) (finding that the employees of a subcontractor are considered employees of the contractor for determining the applicability of the act). CEI, Appalachian, and Reaves are all presumed to have accepted the provisions of the Virginia Workers' Compensation Act to pay and accept compensation for personal injury arising out of and in the course of the employment. Va. Code Ann. § 65.2-300. Therefore, Reaves' action is barred by the Virginia Workers' Compensation Act and must be dismissed for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(6).

An appropriate Order shall issue this day, that the defendants' motion to dismiss is **granted**.

ENTER: This 25th day of January, 2007.

*James C. Turk*
Hon. James C. Turk
Senior United States District Judge

4